UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-061 |
| LEONARD GATHERS | SECTION C(1) |

**ORDER AND REASONS**

On November 6, 2013, this Court sentenced Defendant to 60 months confinement with respect to his plea of guilty to Count 3 of the indictment. Rec. Doc. 111. Currently pending before the Court is defendant's "Motion for Consideration for Time Already Served on House Incarceration/Detention." Rec. Doc. 121. In it, he requests the Court to award him post-judgment credit for the 20 months and 11 days he spent in house incarceration while on bond for the instant offense. The United States has not responded.

Having reviewed defendant's motion, the record, and the law, the Court finds no lawful basis to grant his request. Insofar as defendant urges a simple entitlement to "time served" under 18 U.S.C. § 3585(b), which governs sentencing calculation, the Court has no jurisdiction to hear this argument, *United States v. Mares*, 868 F.2d 151 (5th Cir. 1989) and moreover, the argument has no merit. *See Reno v. Koray*, 515 U.S. 50, 60 & n.4, 115 S. Ct. 2021, 2026, 132 L. Ed. 2d 46 (1995) (excluding home confinement from official detention eligible to be counted toward sentence).

Defendant points to the amended judgments in *United States v. Leroy Dabney*, and *United States v. Huey Cole*, in which Judge Fallon granted motions for time served on house incarceration. However, Judge Fallon appears to have corrected those sentences by amending the judgment to reflect the application of USSG § 5G1.3(b), which applies to undischarged terms of

imprisonment for related offenses that are not otherwise credited toward any sentence. *See, e.g.*, *United States v. Dabney*, No. 08-cr-231-EE-SS-21, Rec. Doc. 1128 (E.D. La. 9/29/11). That provision of the sentencing guidelines has no application to defendant's case because defendant's term of house arrest was served while on bond for <u>the instant offense</u>, rather than a different one that was relevant to his offense level calculation. In other words, it does not appear that defendant is situated similarly to Dabney and Cole. Therefore, his motion cannot be granted on the same basis.

      Accordingly,

      IT IS ORDERED that defendant's "Motion for Consideration for Time Already Served on House Incarceration/Detention" is DENIED. Rec. Doc. 121.

      New Orleans, Louisiana, this 4th day of June 2014

                                                            _____
                                                              HELEN G. BERRIGAN
                                                     UNITED STATES DISTRICT JUDGE